# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANGELINA B.,[1]

       Plaintiff,

v.

ANDREW M. SAUL,[2]
Commissioner of Social Security,

       Defendant.

CIVIL ACTION

No. 18-1285-JWL

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i), and 223(d) of the Social Security Act. 42 U.S.C. §§ 416(i), and 423(d) (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.
[2] On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.    Background**

Plaintiff argues, "Remand is required in this case because the ALJ did not accurately assess [Plaintiff]'s credibility and failed to give [legally] sufficient reasons for discounting the opinion of the treating physician[s]. Specifically, the ALJ failed to consider all the evidence when assessing [Plaintiff]'s credibility, instead picking and choosing parts of the record to support his credibility determination.[3]  Because the ALJ did not properly evaluate [Plaintiff]'s credibility, the RFC [(residual functional capacity)] is not supported by substantial evidence and remand is required."  (Pl. Br. 11)

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to

---

[3] Plaintiff's Brief makes arguments as suggested by the quotation above regarding "credibility" and the "credibility determination."  And she recognizes the Commissioner promulgated Social Security Ruling (SSR) 16-3p to clarify that an ALJ should assess a claimant's allegation of symptoms rather than her character (Pl. Br. 13), but she does not appear to recognize that the assessment is no longer referred to as a "credibility determination."  Since her argument and the case law she cites relate to the ALJ's finding that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are <u>not entirely consistent</u> with the medical evidence and other evidence in the record" (R. 17) (underline added), the court has considered them in that context.

2

the weight of the evidence. It is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether

3

claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). The ALJ decided this case at step four, finding, "Through the date last insured, the claimant was capable of performing past relevant work as a housekeeping /hospital cleaner, Dictionary of Occupational Title (DOT) #323.687-010, unskilled, light work as performed by the claimant." (R. 20) (finding no. 6) (bold omitted). Consequently, the Commissioner never had a burden in this case.

The court considers the issues in the order they are reached when applying the sequential evaluation process.

## II. Discussion

The Commissioner recognizes Plaintiff's argument that the ALJ erroneously discounted the medical opinions of Dr. Lansdowne and Dr. Tubre, Plaintiff's examining physical therapist and examining physician respectively (Comm'r Br. 6-7) but argues that she has waived that argument by failing to develop it. Id. at 7. Though the argument is sparse, the Commissioner recognizes Plaintiff's argument that the ALJ erroneously "discredited two medical source opinions 'for the same bad reasons she discredited [her] credibility.'" Id. at 6 (quoting Pl. Br. at 16). This is sufficient argument to be meaningfully reviewed by the court, and therefore, it is not so undeveloped as to be waived.

### A. Evaluation of Plaintiff's Allegations of Symptoms

Quoting Kellams v. Berryhill, 696 F. App'x 909, 914 (10th Cir. June 23, 2017),[4] Plaintiff argues that the examination findings relied on by the ALJ to discount Plaintiff's allegation do "not necessarily undermine [Plaintiff's] subjective allegations of pain, however, and there were other findings that corroborate h[er] testimony." Plaintiff then

---

[4] Plaintiff's citation to Kellams at this point in her Brief is correct, except that the date of the opinion is August 10, 2017. In the remainder of her Brief, Plaintiff cites exclusively to Kellams at 2017 WL 2874506. However, that opinion was "withdrawn and superseded on rehearing in part on August 10, 2017." 2017 WL 2874506. It is the superseding opinion in the Federal Appendix to which Plaintiff cites above, and it is that opinion to which the court refers in researching the opinion.
Counsel is cautioned to exercise greater care in citation, since Kellams was superseded nearly a year and a half before she filed Plaintiff's Social Security Brief in this case.

5

cites other record evidence tending to corroborate her testimony. (Pl. Br. 14-15). She argues that the ALJ's reliance on a finding of conservative treatment is similarly flawed, cites to evidence of her continuing search for effective treatment, and quotes Kellams's holding that "[s]uch efforts to find relief generally bolster, rather than detract from, the credibility of subjective complaints of pain." (Pl. Br. 15) (quoting 696 F. App'x at 915). She finally argues that the diagnostic testing does not support the ALJ's finding of inconsistencies and cites to MRI testing performed in March of 2009 (R. 321), December of 2010 (R. 310), and October of 2015. (R. 676). She argues that this testing represents a progressive worsening of her degenerative disc disease which the ALJ failed to recognize.

The Commissioner points out that in order to qualify for DIB Plaintiff must show disability within the meaning of the Act within the period of her alleged disability onset date, June 4, 2014 through her date last insured for DIB, June 30, 2016. He argues that the ALJ considered the record evidence during this relevant period but found that evidence did not support her allegations of disabling symptoms. He points to the ALJ's findings that the 2015 imaging showed mild degenerative changes and that Plaintiff's back pain was treated conservatively, and to the ALJ's reliance on the medical opinions of the state agency physicians. (Comm'r Br. 4-5). He argues that Plaintiff's arguments rely "almost entirely on evidence that pre-dated her June 2014 alleged onset of disability by four or more years or post-dated her June 2016 date last insured." Id. at 5-6 (arguing in a footnote, "Much of the evidence contained in Plaintiff's statement of the facts also pre-dated her June 2014 alleged onset date or post-dated her June 2016 date last

insured.") (citations omitted). He argues, "The ALJ's interpretation of the treatment notes of record was reasonable and should not be disturbed on substantial evidence review." (Comm'r Br. 6).

In her Reply Brief, Plaintiff argues it was error for the Commissioner to suggest Plaintiff's argument relied almost entirely on evidence outside the relevant period because her "medical history is complex and includes a work injury and a progression of her illness" and the entire medical history is "critical to understand the progression of [her] illness." (Reply 1).

### 1. *Standard for Evaluating Allegations of Symptoms*

As Plaintiff's argument suggests, an "ALJ's credibility and RFC determinations are inherently intertwined." Poppa v. Astrue, 569 F.3d 1167, 1171 (10th Cir. 2009). An ALJ's findings regarding a claimant's allegations of symptoms are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173. Therefore, in reviewing the ALJ's evaluation of a claimant's allegations of symptoms, the court will usually defer to the ALJ. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993) ("deference is not an absolute rule"). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of

findings.'" Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

The Tenth Circuit has explained the analysis for considering subjective allegations regarding symptoms. Thompson, 987 F.2d at 1488 (dealing specifically with pain).

> A claimant's subjective allegation of pain is not sufficient in itself to establish disability. Before the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain. This court has stated: The framework for the proper analysis of Claimant's evidence of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

Thompson, 987 F.2d at 1488(citations and quotation omitted).

In evaluating a claimant's allegations of symptoms, the court has recognized a non-exhaustive list of factors which should be considered. Luna, 834 F.2d at 165-66; see also 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3. These factors include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, 987 F.2d at 1489).[5]

The Commissioner has promulgated regulations suggesting relevant factors to be considered in evaluating a claimant's allegations of symptoms which overlap and expand upon the factors stated by the court: Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms. 20 C.F.R. § 404.1529(c)(3)(i-vii).

  2.  *Analysis*

As Plaintiff's argument suggests, the ALJ's citations to examinations that revealed normal gait, motor strength, and tone in the upper and lower extremities alone, do not necessarily negate Plaintiff's allegations of pain, and there is other evidence which

---

[5] Luna, Huston, Talley, Thompson, Glass, Kepler, Hackett, Wilson, and Poppa were all decided when the term used to describe the evaluation of a claimant's allegations of symptoms resulting from her impairments was "credibility determination." Although that term is no longer used, the applicable regulation never used that term and the procedure for evaluating a claimant's allegations of symptoms has not significantly    … cont. changed. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5871 (Jan. 18, 2017) (codified at 20 C.F.R. § 404.1529). Therefore, the three-step framework set out in Luna, based on 20 C.F.R. § 404.1529 (2017) is still the proper standard to be used as explained in the regulations in effect on September 20, 2017, when this case was decided. Nonetheless, to the extent that "subjective measures of credibility that are peculiarly within the judgment of the ALJ" relate to an examination of a claimant's character, it is specifically prohibited by SSR 16-3p, and is no longer a valid factor to be considered.

supports her allegations of disabling symptoms. However, the ALJ also noted other examination findings such as an antalgic gait which would tend more to support a finding of disability. (R. 18-20). As Plaintiff points out an ALJ may not ignore evidence suggestive of disability, but in this case as in most Social Security disability cases the evidence is equivocal—including evidence suggesting a finding of disability and evidence suggesting otherwise. Here, the decision reveals that the ALJ fairly summarized the evidence supporting either decision and explained her reasons for discounting Plaintiff's allegations and according greater weight to the evidence suggesting she is not disabled.

Plaintiff acknowledges that she has had mostly conservative treatment for her back pain but argues that she has also had epidural injections and physical therapy, that she has had medication and ablation therapy for her thyroid, and she has been recommended to have a TENS unit and professional counseling. (Pl. Br. 15). Plaintiff's arguments in this regard are supported by the record but none of that changes the ALJ's finding that conservative treatment involving use of over the counter nonsteroidal anti-inflammatory medication helped to relieve her back pain. Moreover, Plaintiff's hyperthyroidism and mental impairments were considered by the ALJ and were found not to be severe within the meaning of the Act, and Plaintiff points to no functional limitation caused by those impairments which is not adequately accommodated within the RFC assessed. Each of the other treatments cited in Plaintiff's argument occurred or were recommended before or after the relevant period at issue in this case. While Plaintiff is correct that the medical history of her back impairment shows a progression of the impairment, that fact does not

change the fact that the record demonstrates that during the relevant period Plaintiff was undergoing only conservative treatment for her back impairment as found by the ALJ.

Finally, the ALJ discussed the MRI evidence to which Plaintiff appeals:

> Results of a lumbar MRI performed of the claimant on December 17, 2010 revealed disk desiccation with small annular tear at L4-5 and moderate bulge into the lateral recess. The L1-2 through L3-4 levels remained within normal limits. The claimant was diagnosed with degenerative disc disease, for which she has received some medical treatment through the years. However, despite her allegation of pain, the claimant has required no more than over the counter medications for her pain. In fact, she testified that her pain was also relieved with the use of a heating pad and by reclining. Diagnostic imaging [(x-rays)] of her lumbar spine performed on January 13, 2015 revealed transitional lumbar vertebra, which was interpreted as mild degenerative change. (Exhibits 12F-1, 13F)
>
> …
>
> Results of a lumbar spine MRI performed on October 20, 2015 revealed small posterior central disc protrusion at L5-Sl with mild effacement of the anterior thecal sac, diffuse posterior disc bulge at L4-L5, and degenerative disc disease at L4-L5 and L5-Sl. (Exhibit 36F) When examined in October 2015, the claimant exhibited normal range of motion of the musculoskeletal system, and good equal strength of the lower extremities.

(R. 18). Plaintiff argues that this evidence "does not discount [her] allegations." (Pl. Br. 15). Plaintiff is correct to the extent that the evidence does not unequivocally demonstrate she does not have the symptoms alleged. However, as the ALJ found the reports of these diagnostic exams are mild enough that they are inconsistent with Plaintiff's allegations of disabling symptoms. Considered together, the ALJ's findings of inconsistencies between Plaintiff's allegations and the record evidence are supported by the record. Plaintiff has not shown that the ALJ's findings are not supported by such

11

relevant evidence in the record as a reasonable mind might accept as adequate to support her conclusion.

> **B.     Evaluation of Medical Opinions**

Plaintiff argues that both Dr. Tubre and Dr. Lansdowne examined Plaintiff and provided opinions which are consistent with her allegations of disability but "[t]he ALJ discredited both opinions for the same bad reasons she discredited [Plaintiff]'s credibility."

The ALJ explained the weight she accorded to the non-treating source opinions of Dr. Lansdowne and Dr. Tubre who examined Plaintiff and prepared reports of their findings:

> As for the opinion evidence, the undersigned gives little weight to the opinion of Elizabeth Lansdowne, Doctor of Physical Therapy (DPT), who examined the claimant solely for the purposes of a physical assessment for social security disability and Medicare, at the claimant's request. (Exhibits 18F, 19F) The physical therapist's opinion of the claimant's physical functional limitations is inconsistent with the evidence. For example, the medical evidence does not support the opinion given that the claimant can stand at one time less than 10 minutes, and less than 2 hours in an 8-hour workday. Furthermore, the claimant reported being fairly active doing things such as shopping within the community. The evidence does not show that the claimant complained of her legs giving out from under her during the time period at issue. Furthermore, in October 2015, the claimant reported that she had not fallen in the last year.
>
> The undersigned gives partial weight to the opinion of Ryan Tubre, M.D., who performed an examination of the claimant on February 7, 2015. At the time of the examination, the claimant showed antalgic gait with waddle, and had difficulty with bending and squatting, with some decreased strength to 4 on hip flexion, hip extension, and knee flexion, bilaterally. (Exhibit 14F) There was significant LOM [(limitation of motion)] in the spine on flexion and extension due to pain and/or obesity. However, the following month in March 2015, the claimant had 5/5 strength in the lower extremities, and in October 2015, an examination of her musculoskeletal system showed normal range of motion and good equal strength of the lower extremities.

> After the date last insured in December 2016, the claimant had normal gait, motor strength, and tone in the upper and lower extremities. (Exhibit 35F-3)

(R. 19-20). She went on to explain the weight she accorded the opinions of the state agency medical consultants who reviewed the record evidence at the initial and reconsideration levels:

> Great weight is given to the opinion of State agency medical consultant Robert Hughes, M.D. (Exhibit 1A) His opinion that the claimant can perform a range of light work, and can perform past relevant work as actually performed is consistent with the medical evidence of record, and is based on his thorough review of the evidence.
>
> The undersigned gives great weight also to the opinion of Sarah Landers, M.D., (Exhibit 3A) as the doctor's opinion that the claimant can perform a range of light work during the adjudicated period at issue is consistent with the medical evidence, and is based on the doctor's thorough review of the medical evidence.

(R. 20).

Plaintiff's argument fails for at least two reasons. First, the reasons given by the ALJ for discounting the examining source opinions are not the same as the reasons given to discount Plaintiff's allegations of symptoms, although the ALJ did rely on some of the same record evidence. And the record evidence supports the reasons given by the ALJ. Second, as the court found above, the ALJ did not discount Plaintiff's allegations of symptoms for "bad reasons." Rather, the court found that the reasons given were proper reasons and were supported by the record evidence.

Plaintiff has shown no error in the ALJ's decision in this case.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated July 24, 2019, at Kansas City, Kansas.

                                            s:/ John W. Lungstrum  
                                            **John W. Lungstrum**  
                                            **United States District Judge**